United States District Court
Southern District of Texas
**ENTERED**
December 19, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES OF AMERICA          §
                                  §
                                  §
v.                                §          CR. NO. H-17-0007-1
                                  §
                                  §
MARC ANTHONY HILL                 §


<u>ORDER</u>

Pending is Defendant Marc Anthony Hill's Motion to Compel
(Document No. 232), which seeks discovery of the identity of the
Confidential Informant "C.I." who identified Redrick Jevon Batiste
as the killer of Brinks courier, David Guzman, in the
murder/robbery described in Counts One and Two of the Second
Superseding Indictment. The Court conducted an *in-camera* hearing
on December 17, 2018, to examine under oath, separately, HPD
Sergeant Jason Robles and FBI Special Agent Jeff Coughlin, and to
review evidence pertaining to the C.I. provided by Assistant United
States Attorneys Richard Hanes and Heather Winter.

Sergeant Robles worked on homicide investigations at HPD and
was the first of the two agents to meet the C.I. and hear directly
from the C.I. his/her report that he/she believed Batiste was the
killer. The C.I. was unable to name any others who were
accomplices in the crime. He/she was able to identify Batiste's
cell phone number and described two vehicles he/she knew were used

by Batiste.   Sergeant Robles turned over the information to FBI agents who were assigned to the investigation.   Special Agent Coughlin then met with the C.I., received from the C.I. the same information, and over a period of time conversed with the C.I. several additional times during the investigation.

The C.I. explained both to Sergeant Robles and to Agent Coughlin that he/she came forward with this information because of the merciless nature of the crime: killing from ambush an innocent and unsuspecting courier to steal the money.   The C.I. had imagined that the victim could have been his/her own son.   When reporting the information, the C.I. expressed fear for his/her own life if his/her identity should be made known to Batiste or others involved in the crime.   The C.I. declined to engage in certain investigatory activities under the control of the FBI for fear for his/her own life and the lives of his/her family members if the C.I.'s identity was discovered.   The C.I. agreed to help the investigation on a very limited basis that he/she believed would not expose his/her identity.   The investigating officers much later in their investigation obtained phone records that corroborated or were consistent with the information provided by the C.I.

The Court listened to the consensually recorded phone calls between the C.I. and Batiste that Government counsel produced *in camera*.   Neither participant in the conversations either names or identifies any other person in connection with the crimes charged

in the Second Superseding Indictment.  Because no one else is named or identified, no one else is either implicated or absolved.  The conversations have no evidentiary value to any Defendant in this case.

In sum, after careful examination of the officers, the Court is fully satisfied with the thoroughness of law enforcement's investigation of the C.I. and of the basis for his/her volunteered information.  The Court finds that disclosure of the identity of the C.I. would neither produce nor lead to any evidence whatsoever that the C.I. had any involvement in the commission of the murder/robbery of August 29, 2016.  The C.I.'s role was only as a "tipster" when he/she reported his/her belief that Batiste was the killer.  Disclosure of the identity of the C.I. or producing the C.I. would provide no material assistance to Defendant Hill or any other of the charged Defendants in establishing a defense.  And of greatest weight in the balance is the Government's paramount and compelling interest in non-disclosure to protect the identity of the C.I. for the safety of both the C.I. and members of the C.I.'s family.  *See* Roviaro v. United States, 77 S. Ct. 623 (1957); United States v. Fischer, 531 F.2d 783, 787 (5th Cir. 1976) ("At one extreme are those cases where the informant was a mere tipster.  It is settled that the Roviaro principal does not require disclosure and production of such an informant.").  Accordingly, Defendant

Hill's Motion to Compel the identity of the C.I. (Document No. 232) is DENIED.

The transcript of the *in camera* hearing and the exhibits provided under seal for Court review shall be maintained under seal for appellate review, if necessary, and shall not be disclosed to any person without an express Order of this Court or the United States Court of Appeals.

It is SO ORDERED.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED at Houston, Texas, on this 19TH day of December, 2018.


                                    EWING WERLEIN, JR.
                              UNITED STATES DISTRICT JUDGE