UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | CRIMINAL NO. H-17-7SS |
| | § | |
| v. | § | |
| | § | JUDGE EWING WERLEIN, Jr. |
| MARC ANTHONY HILL | § | |
|     Defendant | § | |

## GOVERNMENT'S REPLY TO DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION TO EXCLUDE TESTIMONY OF MARISA DERY AND JOHN SAWICKI

Now comes the United States of America, by and through the United States Attorney for the Southern District of Texas, Ryan K. Patrick, and Assistant United States Attorneys Richard D. Hanes and Heather Rae Winter, and files its reply to Defendant, Marc Hill's Response to Government's Motion to Exclude Testimony of Marisa Dery and John Sawicki (Dkt. #243).

Without waiving the Government's argument that Hill's expert designations are untimely and should be excluded on that basis, the Government maintains that, based on the proffered testimony and current case law, a *Daubert* hearing is wasteful and unwarranted. The Court is not required to hold a hearing pursuant to *Daubert* solely because the parties dispute the validity of the proposed expert testimony. *Kumho Tire Co., Ltd. V. Carmichael*, 526 U.S. 137, 152 (trial courts have "latitude in deciding how to test an expert's reliability"); *Carlson v. Bioremedi Therapeutic Systems, Inc.*, 822 F.3d 194, 201 (5th Cir. 2016) (citing *United States v. John*, 597 F.3d 263, 274-75 (5th Cir. 2010)).

The Government contends that a *Daubert* hearing mid-trial would be futile and a waste of judicial resources based on the proffered testimony of Marisa Dery. As noted in its response, no federal court has found that voice identification meets the standards of *Daubert* and Federal Rule of Evidence 702. Judge Rosenthal came to this conclusion after an exhaustive analysis in *United*

1

*States v. Angleton*, 269 F. Supp. 2d 892 (S.D.T.X. 2003). Additionally, the Government has identified another, more recent case in the Eastern District of Tennessee, where District Judge Curtis Collier refused to admit the expert testimony of David Notowitz, a supervisor of Marisa Dery, on the basis that the underlying science and methodology used by Notowitz were flawed. *See United States v. James Silas*, Case No. 1:16-CR-124, in the Eastern District of Tennessee, Chattanooga Division (October 29, 2018) (Collier, J.) (attached as Exhibit A).

In *Silas*, the Government moved to exclude the proffered voice identification testimony of Notowitz based on its untimely designation and its failure to meet the requirements of Rule 702 and *Daubert*. Without holding a hearing, the court found his testimony would be unreliable. The court noted the subjective techniques used by the expert lacked reliability, the new digital means employed by the expert have not been empirically tested sufficiently to ensure validity and reliability, and the specific methods used by Notowitz were not in accordance with the recommendations of forensic voice comparison literature. Notably, the actual assistant who conducted the "hands-on analysis" was Marisa Dery. *See* Ex. A, p. 12 n.2. Further, most of the software employed by Dery in this case is the same software Judge Collier found to be untested and unreliable in *Silas*. *See* Ex. A, p. 13, 15.

The court also faulted the standards employed by Notowitz and "his assistants" in obtaining and analyzing the exemplars. They were not present when the defendant was recorded, and the known speaker file was not created under adequate conditions. Likewise, none of the industry standards necessary to conduct a proper voice comparison were used in this case by Dery. *See* Ex. A, pp. 20-21.

Finally, of note, the Government has been able to identify one Forensic Audio Examiner at FBI's Forensic Audio, Video and Image Analysis Unit in Quantico, Virginia, Alysha Hiller.

The Government would proffer that Ms. Hiller would testify that FBI does not prepare voice comparison analyses for admission at trial because the methodology of voice comparison does not meet the standards of *Daubert* and Federal Rule of Evidence 702.

In light of the current state of the law and consistent findings by courts and industry leaders that the science and methodology of voice identification is unreliable, it would be futile and a waste of judicial resources to conduct a full hearing regarding the admissibility of Dery's testimony.[1] For these reasons, the Government requests that the Court exclude the testimony of Marisa Dery without hearing.

        Respectfully submitted,

        RYAN K. PATRICK
        UNITED STATES ATTORNEY

        By:

           /s/   HEATHER WINTER
        Heather Winter
        Assistant United States Attorney
        Texas Bar No. 24050074
        Federal Bar No. 938852
        1000 Louisiana, #2300
        Houston, Texas 77002
        (713) 567-9000

---

[1] The Government does not dispute the validity of the science underlying cell site analysis, but rather challenges the qualifications of John Sawicki. A review of Sawicki's credentials would not require a full *Daubert* hearing, but only a voir dire of his training and credentialing in the subject matter.

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was sent to Defendant's counsel of record by electronic filing and e-mail on the date of filing.

    /s/ Heather Winter
Heather Winter
Assistant United States Attorney