IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| *versus* | § | **CRIMINAL NO. 4:17-CR-7-1** |
| | § | |
| **MARC ANTHONY HILL** | § | |

## NOTICE OF ALIBI PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 12.1

**TO THE HONORABLE JUDGE DAVID HITTNER:**

**COMES NOW MARC ANTHONY HILL,** by and through his attorney of record, Neal Davis, III, and hereby gives notice of alibi for each alleged date of offense, and for good cause would show:

### I

Undersigned counsel was appointed stand by counsel by the Honorable Judge Ewing Werlein on January 29, 2019. Mr. Hill represented himself *pro se*. As stand by counsel, undersigned assisted Mr. Hill when requested. On March 20, 2019, this Court ruled that Mr. Hill could no longer represent himself and appointed undersigned to continue the trial as appointed counsel.

Immediately after being appointed counsel, Mr. Hill conferred and began to assist in his defense. Counsel learned that Mr. Hill had notified previous counsel of alibi witnesses.

The government filed a Request for Reciprocal Discovery on August 31, 2018 (see Doc. 168). According to the district clerk's records, Mr. Hill's previous counsel had not filed a Notice of Alibi.

## II

Fed. R. Crim. Proc. 12.1(a)(1) states that the government may request that the defendant notify the government of any intended alibi. The government's request must state the time, date, and place of the alleged offense. The defendant is required to respond within 14 days after the request, or at some other time the court sets. The written notice of alibi must state (1) each specific place where the defendant claims to have been at the time of the alleged offense, and; (2) the name, address, and telephone number of each alibi witness on whom the defendant intends to rely.

Fed. R. Crim. Proc. 12.1(d) allows the court, for good cause, to grant an exception to any requirement of Rule 12.1(a).

## III

In its request for reciprocal discovery, the government stated:

[] Pursuant to Rule 12.1, the United States requests notice of any alibi defense[.]

The government did not state the time, date, and place of the alleged offense. Furthermore, the second superseding indictment (and all previous indictments) stated that each of the counts alleged against the defendant occurred "on or about" either

August 29, 2016 or December 7, 2016. The reciprocal discovery request by the government is insufficient pursuant to Rule 12.1(a)(1).

## IV

Undersigned counsel learned of Mr. Hill's alibi witnesses on the third day of trial – the afternoon after being appointed counsel that morning. Counsel also learned that Mr. Hill had informed previous counsel of the same alibi witnesses. After review of the clerk's record, counsel learned that none of Mr. Hill's previous counsel had filed a Notice of Alibi. Mr. Hill informed counsel the witnesses' names, which were immediately given to counsel's court appointed investigator in order to obtain complete information to file a Notice of Alibi pursuant to 12.1(a)(2).

Therefore, pursuant to Fed. R. Crim. Proc. 12.1(a)(2), the defendant gives notice to the government that he intends to call the following witness to testify regarding an alibi to a criminal allegation:

1. Richard Gage, resident at 2122 Wabell St. Houston, Texas 77088 (phone number to be provided at a later date), who will testify that Mr. Hill was with him at his residence at the time of the murder/ robbery on August 29, 2016.

Defendant requests this Court allow an untimely notice pursuant to Fed. R. Crim. Proc. 12.1(d), which states that the court, with good cause shown, may grant an

exception to the requirements of timely notice in Rules 12.1(a)-(c). *See also United States v. Fitts*, 576 F.2d 837 (10th Cir. 1978).

In *Fitts*, defendant's counsel withdrew before trial and was appointed a new counsel who had practice law for less than one year. Defendant's new counsel failed to respond to the government's demand for alibi witnesses. The court affirmed the district court's ruling that the sanction for the defendant's noncompliance was exclusion of his alibi witnesses. Indeed, the court said, exclusion for noncompliance may be the normal sanction. *Fitts*, 576 F.2d at 839; *citing United States v. Myers*, 550 F.2d 1036 (5th Cir. 1977). However, the court noted that there were extenuating circumstances in the fact that defendant's counsel was not appointed until the time for compliance had nearly ran out. *Fitts*, 576 F.2d at 839. However, the court stated, that the better practice was to have allowed the testimony under the particular circumstances of that case. *Id*.

Similarly, yet more dreadful, is that in this case, counsel was appointed on the third day of trial. Counsel learned of the alibi witnesses from his client, who believed that a notice of alibi had been filed by previous counsel. A notice of alibi was not filed. Because of this, the Court should allow the testimony of the two witnesses who can provide an alibi from the allegations against him.

**Respectfully submitted,**

*/s/ Neal Davis, III*
**NEAL DAVIS, III**

Texas State Bar #24038541  
Federal Bar # 706329  
440 Louisiana Street  
Suite 200  
Houston, TX 77002  
(713) 223-5575  
(713) 224-2815 (FAX)

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing **Notice of Alibi** was delivered via electronic filing to the Assistant United States Attorneys in this cause on March 22, 2019.

*/s/ Neal Davis, III*  
**NEAL DAVIS, III**

**CERTIFICATE OF CONFERENCE**

I hereby certify that the undersigned, Neal Davis, III have spoken with the Assistant United States Attorneys in this cause, Richard Hanes and Heather Winter, who state they are opposed to the filing of this notice.

*/s/ Neal Davis, III*  
**NEAL DAVIS, III**